Mr. Justice James
delivered the opinion of the Court:
By an order of February 1, 1889; the Chief Justice hold-the Circuit Court assigned certain cases from number three hundred to number four hundred on his calendar to be heard by Mr. Justice Montgomery, holding the criminal term of this court, with the petit .juries drawn for such criminal term. The parties in this cause moved the court to remand it to the special term of the Circuit Court, on *297 the ground that the juries drawn for the criminal term were not authorized by any law to sit in the trial of civil cases. That motion has been certified to the General Term by Mr. Justice Montgomery, and the question presented is, whether the Act of June 23,1874, Ch. 454,18 Stat. at Large, 204, is still in force.
That act provided “That the justice of the Supreme Court of the District of - Columbia holding a criminal term for said District may, when not engaged in the proper business of the criminal term, hold sittings of the Circuit Court, and employ the petit juries drawn for the criminal term in the trial of such cases depending in said Circuit Court as the justice presiding therein may assign- to him fox that purpose; and the business done at such sittings shall be recorded in the minutes of the Circuit Court.”
It is argued on the motion that this act was repealed by the operation of Sections 3 and 5 of the Act of February 25, 1879, Ch. 99 ; 20 Stat., 320, Sec. 3, provides that “the General Term may order two terms of the Circuit Court to be held at the same time, whenever, in their .judgment the business therein shall require it; and they shall designate, by an order of the court, the time and places of holding the same, and the justices by whom they shall respectively be held; and shall make all necessary orders for a division of the docket between the justices holding such term. And petit juries shall be drawn therefor in the same manner as is provided for in such Circuit Court, at least ten days before the commencement of any such sitting.”
The fifth section provides that “ all acts or parts of acts inconsistent with the provisions of this act are hereby repealed.”
In the absence of an express' repeal a later statute may be held to have worked a constructive repeal of an earlier one. We use this term because the result is reached by the ordinary judicial process of construing the intention of the statute. This may happen in two classes of cases: first, *298 where it plainly appears, upon a comparison of the old and new legislation, that it was the intention of the legislature to take up de novo the whole of the subject to which it related, and to make, in the new statute, whatever provision it intended to allow concerning that subject; second, the courts must construe a later statute as intending a repeal of all earlier legislation which they find to be repugnant to it.
It was urged at the argument that the Act of 1879 manifestly intended to provide a comprehensive and sufficient system for disposing of cases pending in the Circuit Court,' and must, therefore, be construed as intending to repeal the Act of 1874, whether the latter was repugnant or not. We think no such construction can be given to the Act of 1879. We know judicially that there have been different degrees of exigency in the business of the trial courts, and the Act of 1879 appears on its face to be intended to provide only for one of these; in other words, to be an additional and not a complete provision.
The Act of 1874 contemplated the fact that the justice holding the Criminal Court and his juries might be, and sometimes were, unemployed for lack of work. Its object was to provide them with work, and at the same time to aid the dispatch of business in the Circuit Court. The Act of 1879 contemplated a still more serious exigency, namely, that the Circuit Court was liable, from time to time, to be overwhelmed with cases, and its object was to provide for the peculiar exigencies of that condition. To construe such a provision as being intended to be the sole and sufficient provision would be to impute a deliberate intention to let the justice and juries of the Criminal Court lie idle when they might have work, and would involve the curious antithesis that Congress was at the same time solicitous that there should be juries enough to do the work, and willing that juries who might help to do it should not help. It is not permissible to construe a provision to be the sole and sufficient resource, if it is possible to treat it as an ad *299 ditional resource. We cannot, therefore, hold that the Act of 1879 superseded the earlier act, by reason of its being itself a complete disposal of the subject.
The next question is, whether the Act of 1874 was repugnant to the latter act and must on that ground be held inoperative and repealed. The rule on this subject is very strict. An act cannot be held to be repealed for repugnancy if the new act leaves any opportunity for its application. Does the Act of 1879 permit the existence of occasions to which the Act of 1874 may be applied?
It is argued that when two terms of the Circuit Court are ordered to be held at the same time, the General Term controls the assignment of the cases pending there, and that the power given by the Act of 1874 to the justice holding the Circuit Court to make certain assignments cannot then be exercised. That question is not before us, and we distinctly omit to decide it. But if it be conceded, for the argument, that neither of the circuit justices could, at such times, exercise this power, in other words that, at such times, the action of the General Term is exclusive, it must be remembered that the General Term may omit to order two terms, and that when it does so we have precisely the condition to which the Act of 1874 had always applied. If the repugnancy arises from the actual operation of the Act of 1879, it does not arise when that act is not put in operation. Without deciding what effect the appointment of two circuit terms would have as to this question, we'are of opinion that the minimum effect of the two statutes is as follows: When only one term of the Circuit Court is held at the same time, the justice holding that term has power, under the Act of 1874, to assign cases to the justice holding the Criminal Court. When two terms are ordered by the General Term the latter has exclusive control of assignments. The' legal effect of such a construction would be, that the Act of 1874 applies to one condition of the court, the Act of 1879 to another and different one. There can *300 be no repugnancy between laws which do not relate to the same thing. We have to repeat here that we do not intend by this view even to imply a decision of the question which might be presented, when two terms, of the Circuit Court are ordered by the General Term. Of course, therefore, we do not state the above solution as the only one. We simply hold now that, in any view of the later statute, the Act of 1874 may, without interfering with its operation, be applied when only one term of the Circuit Court is held at the same time.
The motion to remand is overruled.